UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | No. 1:25-CR-123 |
| | : | |
| v. | : | (Judge Mehalchick) |
| | : | |
| HENRY J. WHITE, JR. | : | |
| PATRICIA A. WHITE, | : | (Filed Electronically) |
| Defendant | : | |

## UNITED STATES' SENTENCING MEMORANDUM

The United States respectfully requests that the Court impose a sentence on Defendant Henry J. White, Jr. at the low end of his Guidelines range. As the Court is aware, Defendant Henry J. White, Jr.'s plea agreement specifies that the United States will make a specific sentencing recommendation within the applicable Guidelines range, and Defendant Henry J. White, Jr. will make a specific recommendation no lower than 37 months, which the parties expected to be (and is) at the low end of that defendant's Guidelines range. Thus, the United States and Defendant Henry J. White, Jr. will likely be making the same recommendation regarding his sentence. Regarding Defendant Patricia A. White, the United States requests a sentence of nine months.

1

These sentences are appropriate under the Section 3553(a) factors. The Defendants engaged in a form of fraud that differs little from outright theft. Through their offense conduct, they obtained over $1.2 million that did not belong to them and to which they had no legal claim. While it is true that a significant portion of the fraudulently obtained unclaimed property was in the name of various defunct corporate entities, those entities were ultimately controlled by real people, and those people had next of kin or other persons to whom they were personally connected who could have benefited from that property had they known they were entitled to it. Instead, the defendants obtained the property through fraud, and they did it in order to support themselves personally.

Fraud against the government is not a "victimless crime." In the words of a special investigator of the Pennsylvania Treasury, "[t]here are always victims, including not only the agency itself but also the citizens and, in this case, the rightful owners of the unclaimed property." Ex. 1. The defendants' conduct had other harmful consequences as well. The same investigator aptly wrote that "the

2

Defendants eroded the confidence that people place in Pennsylvania's program and the other state programs." This is a sad outcome, especially for offices such as unclaimed property divisions, whose primary goal is to return property to its rightful owners, often after someone has simply "lost track" of it or passed away. Here, those offices tried to do the right thing and simply relied on the sworn claims of Henry J. White, Jr. that he was the rightful owner of such property. These claims were all utter lies. When he and Defendant Patricia A. White were depositing checks from state treasuries into their joint account, each one knew that those funds were not intended for them.

Such conduct warrants specific punishment and requires a message of general deterrence to others who might think that fraud schemes like this one are worth attempting. *See* 18 U.S.C. § 3553(a)(2)(B). It goes without saying that Defendant Henry J. White, Jr., who devised and led the scheme and carried out much more of the overall offense conduct, is the more culpable of the two defendants and thus deserves a longer prison sentence. *See* 18 U.S.C. § 3553(a)(6) (the difference in recommended sentences does not result in "unwarranted

3

sentence disparities among defendants with similar records who have been found guilty of similar conduct"). It also appears that Henry J. White, Jr., has engaged in other fraudulent conduct in the past, based on the letters that were submitted in support of Defendant Patricia A. White. Specifically, one of Ms. White's children claims that Mr. White (i.e., the writer's own uncle) has "conned other family members" and engaged in a "pattern of deceptive behavior" in the past. *See* Doc. 57 at 16. Thus, "the nature and circumstances of the offense and the history and characteristics of the defendant" both demand a substantial sentence—and a substantially longer sentence—for Mr. White than for Ms. White. 18 U.S.C. § 3553(a)(1).

    Both recommended sentences are also appropriate in light of the breadth and length of the offense conduct. The offense conduct began around 2013 and continued until around 2022, when the defendants' Chase Bank account was shut down, likely due to the commencement of the government's investigation into their conduct. In other words, it took place over the course of almost a decade and might have continued significantly longer had it not been for the government's efforts to stop

4

it. It encompassed false claims for unclaimed property from approximately 30 different state treasuries. The offense conduct became almost like a job in that it went on for so long, was so regular in its occurrence, and ultimately is what allowed the defendants to make the mortgage payments needed to escape foreclosure and maintain their expensive home. Consequently, the recommended sentences will also reflect the seriousness of the offense, promote respect for the law, and provide just punishment. *See* 18 U.S.C. § 3553(a)(2)(A).

In conclusion, for the foregoing reasons, the United States respectfully requests sentences of 37 months and nine months, respectively, for Defendants Henry J. White, Jr. and Patricia A. White. The United States also requests an appropriate restitution order in the

amount that each defendant agreed to pay, which is $1,208,271.40, to be assessed jointly and severally.[1]

|  |  |  |
|---|---|---|
|  |  | Respectfully submitted, |
|  |  | BRIAN D. MILLER<br>United States Attorney |
| Dated: December 10, 2025 | By: | /s/ Ravi R. Sharma<br>Ravi Romel Sharma<br>Assistant U.S. Attorney<br>PA 331135<br>1501 N. 6th Street, Box 202<br>Harrisburg, PA 17102<br>Tel: (717) 221-4482<br>Fax: (717) 221-4493<br>ravi.sharma@usdoj.gov |

---

[1] Defendant Henry J. White, Jr. came forward with information regarding eight additional fraudulent claims, totaling $21,785.76, that he also made but were not reflected in the evidence in the United States' possession at the time that the plea agreements were drafted. Because the above-specified restitution amount is contained in each defendant's plea agreement, which is binding on all parties, the United States does not request that the Court alter the overall restitution amount to be ordered, which is largely the same at any rate.

## CERTIFICATE OF SERVICE

I hereby certify that on December 10, 2025, the foregoing document was served on all counsel of record.

/s/ Ravi R. Sharma
Ravi Romel Sharma
Assistant U.S. Attorney